IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| IN RE: | * | CASE NO. 16-40946 |
| JOHNSON, EDWARD D. | * | |
| JOHNSON, BAERBEL P. | * | CHAPTER 13 |
| | * | |
| Debtors | * | |

### NOTICE OF MOTION TO MODIFY CHAPTER 13 PLAN BEFORE CONFIRMATION

DEBTORS IN THE ABOVE-STYLED BANKRUPTCY MATTER, HAVE FILED DOCUMENTS WITH THE COURT TO MODIFY DEBTORS' CHAPTER 13 PLAN PRIOR TO CONFIRMATION.

**YOUR RIGHTS MAY BE AFFECTED. You should read these documents carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.** If not served with this notice in accordance with the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure, a copy of the motion may be obtained upon written request to counsel for the Debtors (identified below) or at the Clerk's office.

**The original confirmation was scheduled for September 27, 2017**. If you do not want the court to grant this motion, or if you want the court to consider your views on the motion, then you or your attorney shall file with the court a written objection or response within 21 days of service of this notice **and attend the rescheduled confirmation hearing noted below**. If you are receiving this notice by mail, you may add 3 days to the response date, in accordance with FRBP 9006(f). The objection or response should be sent to:

Clerk, U. S. Bankruptcy Court
Middle District of Georgia
Post Office Box 2147
Columbus, Georgia 31902
(706) 649-7837

**The rescheduled confirmation hearing shall be held on:**

**October 25, 2017 at 9:00 a.m. at the Columbus Courtroom, One Arsenal Place, 901 Front Avenue, Courtroom 309, Columbus, Georgia 31901.**

If you mail your response or objection to the court for filing, you shall send it early enough so the court will receive the objection or response on or before the response date stated above.

Any response or objection shall also be served on the Debtors.

**If you or your attorney does not take these steps, the court may decide that you do not oppose the relief sought in the motion and may enter an order granting relief.**

This notice is sent by the undersigned pursuant to LBR 3015-2(d)(2)(A).

    This   27th   day of   September  , 2017.

                                        Respectfully submitted,

                                        /s/ Brace W. Luquire
                                        BRACE W. LUQUIRE
                                        Georgia State Bar No. 461400
                                        Attorney for Debtors
                                        Post Office Box 2684
                                        Columbus, Georgia 31902
                                        (706) 322-8557
                                        BraceLaw@aol.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| IN RE: | * | CASE NO. 16-40946 |
| JOHNSON, EDWARD D. | * | |
| JOHNSON, BAERBEL P. | * | CHAPTER 13 |
| | * | |
| Debtors | * | |

**MOTION FOR MODIFICATION OF PLAN PRIOR TO CONFIRMATION**

The Debtors, under the authority of Section 1329 of the Bankruptcy Code, file this Motion for Modification of the Plan and respectfully show as follows:

The modification is to restructure the Plan to adjust the debt amounts and monthly payments allotted to secured creditors, to provide for payment of the secured claim of TitleMax and to change the attorney fees from a set amount to an hourly rate. A copy of the proposed Plan is attached.

After notice and an opportunity for objections, the Plan as modified should become the Debtors' Plan.

WHEREFORE, the Debtors pray that this Motion for Modification be approved.

Respectfully Submitted,

/s/ Brace W. Luquire
BRACE W. LUQUIRE
Georgia State Bar No. 461400
Attorney for Debtors
Post Office Box 2684
Columbus, Georgia 31902
(706) 322-8557
BraceLaw@aol.com

IN THE UNITED STATES BANKRUPTCY COURT
*Middle District of Georgia*
*Columbus Division*

IN RE: JOHNSON, EDWARD D.  CASE NO: 16-40946
JOHNSON, BAERBEL P.

## **CHAPTER 13 PLAN**

1. The future earnings of the Debtors is submitted to the supervision and control of the Trustee and the Debtors (or the Debtors' employer) shall pay to the Trustee the sum of $ 3,319.00 Monthly.

    Debtors elect a voluntary wage deduction order.

2. From the payments so received, the Trustee shall make disbursements as follows:

    (a) The Trustee percentage fee as set by the United States Trustee.

    (b) The monthly payments will be made on the following long-term debts: (Payments which become due after the filing of the petition but before the month of the first payment designated here will be added to the
    pre-petition arrearage claim.)

    | **NAME OF CREDITOR** | **PAYMENT** | **MONTH OF FIRST PAYMENT** |
    |---|---|---|
    | None | $ | |

    (c) The administrative claims allowed by 11 U.S.C. § 1326(b)(1) for attorney fees in the sum of an hourly rate in accordance with the Administrative Order on Attorney Fee Awards.

    (d) Pre-confirmation adequate protection payments will be made to the following secured creditors and holders of executory contracts after the filing of a proof of claim by the creditor. These payments will be applied to reduce the principal of the claim:

    | **NAME OF CREDITOR** | **ADEQUATE PROTECTION AMOUNT** |
    |---|---|
    | Title Credit Finance | $ 30.00 |
    | Bridgecrest Acceptance | $100.00 |
    | Starport Transportation | $350.00 |

    (e) The following claims are not subject to cram down because debts are secured by a purchase money security interest in a vehicle for which the debt was incurred within 910 days of filing the bankruptcy petition, or, if the collateral for the debt is any other thing of value, the debt was incurred within 1 year of filing. See
    § 1325(a)

    | **CREDITOR** | **COLLATERAL** | **AMOUNT DUE** | **INT** | **PAYMENT** |
    |---|---|---|---|---|
    | Bridgecrest Acceptance | 2015 Volkswagen Jetta | $17,885.00 | 5% | $287.00 |

    Secured creditors shall retain their liens as provided in 11 USC § 1325(a)(5)

(f) After confirmation of the plan, the secured creditors with allowed claims will be paid as follows:

| CREDITOR | COLLATERAL | VALUE | DEBT | INT | PAYMENT |
|---|---|---|---|---|---|
| Bank of America | Mortgage Arrears Thru Dec. 2016 | | $ 9,607.00 | | $ 210.00 |
| Internal Revenue Service | Federal Tax Lien | $15,000.00 | $30,400.00 | 3% | $ 350.00 |
| GA Dept of Revenue | State Tax Lien | $ 0.00 | $ 3,860.00 | | $ 0.00 |
| Starport Transportation | 2012 Peterbilt 587 | $50,000.00 | $94,117.00 | | $2,100.00 |
| Title Credit Finance | 2001 Mercedes C-230 | $ 6,000.00 | $ 926.00 | 5% | $ 40.00 |
| TitleMax | 1994 Ford Explorer | $ 782.00 | $ 782.00 | 5% | $ 40.00 |

The valuations shown above shall be binding unless timely objection to confirmation is filed. Secured claims shall be allowed for the value of the collateral or the amount of the claim, whichever is less, and shall be paid in the monthly installments and at the interest rate (if specified) as shown above. Secured creditors shall retain their liens as provided in 11 USC § 1325(a)(5).

(g) After the above are paid, distributions will be made to cure arrearages and other secured debts whose claims are duly proven and allowed as follows:

| CREDITOR | COLLATERAL | EST. AMT. DUE | INT | VALUE |
|---|---|---|---|---|
| None | | $ | | $ |

(h) The following collateral is surrendered to the creditor:

| NAME OF CREDITOR | DESCRIPTION OF COLLATERAL |
|---|---|
| TitleMax | 2002 Audi A-6 |

(i) The following domestic support obligations will be paid over the life of the plan as follows: (These payments will not be made simultaneously with payment of the secured debt to the extent funds are available and will include interest at the rate of _____%. (If this is left blank, no interest will be paid.)

| NAME OF CREDITOR | PAYMENT AMOUNT |
|---|---|
| None | $ |

(j) The following unsecured claims are classified to be paid at 100%. These payments will/will not be made simultaneously with payment of the secured debt:

None

(k) All other 11 U.S.C. § 507 priority claims, unless already listed under 2(g), will be paid in full over the life of the plan as funds become available in the order specified by law.

(l) The Debtors will be the disbursing agent on the following debts:

**Bank of America - Monthly mortgage payments beginning January 2017**

(m) Special provisions:

1. All property surrendered herein is surrendered in full satisfaction of debt.

(n) Debtors will make payments that meet all of the following parameters (these are not cumulative, debtors will pay the highest of the three)

    (i) Debtors will pay all of their disposable income as shown on Form 122C-2 of $ **74,160.00** to the non-priority unsecured creditors in order to be eligible for a discharge.

    (ii) If the Debtors filed a Chapter 7 case, the priority and other unsecured creditors would receive $ **0.00** . Debtors will pay this amount to the priority and other unsecured creditors in order to be eligible for discharge in this case.

    (iii) The Debtors will pay $ **0.00** to the general unsecured creditors to be distributed pro rata.

(o) General unsecured creditors whose claims are duly proven and allowed will be paid (choose one only)

    (a) **100** % dividend as long as this dividend exceeds the highest amount, if any shown in paragraph (n)(I), (n)(ii) or (n)(iii), and the Debtors pay in at least 36 monthly payments to be eligible for discharge.

    (b) The Debtors will make payments for _____ months and anticipates a dividend of _____ %, but will also exceed the highest amount shown in paragraph (n)(i), (n)(ii) or (n)(iii) above.

(p) Unless otherwise ordered by the Court, all property of the estate, whether in the possession of the Trustee or the Debtors, remains property of the estate subject to the Court's jurisdiction, notwithstanding § 1327(b), except as otherwise provided in paragraphs (h) and ( m) above. Property of the estate not paid to the Trustee shall remain in the possession of the Debtors. All property in the possession and control of the Debtors shall be insured by the Debtors. The Chapter 13 Trustee will not and is not required to insure assets and has no liability for injury to any person, damage or loss to any property in possession and control of the Debtors or other property affected by property in possession and control of the Debtors.

(q) Notwithstanding the proposed treatment or classification of any claim in the plan confirmed in this case, all lien avoidance actions or litigation involving the validity of liens, or preference action will be reserved and can be pursued after confirmation of the plan. Successful lien avoidance or preference actions will be grounds for modification of the plan.

Dated     9/27/17

                                        /s/ Brace W. Luquire
                                        BRACE W. LUQUIRE
                                        Attorney for Debtors

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| IN RE: | * | CASE NO. 16-40946 |
| JOHNSON, EDWARD D. | * | |
| JOHNSON, BAERBEL P. | * | CHAPTER 13 |
| | * | |
| Debtors | * | |

**CERTIFICATE OF SERVICE**

I, Brace W. Luquire, certify that I am, and at all times hereinafter mentioned was, more than 18 years of age and that on the __27th__ day of __September__, 2017, I served a copy of the attached Notice of Motion and Rescheduled Confirmation Hearing and Motion for Modification of Plan Prior to Confirmation on the parties against who relief is sought:

Kristin Hurst
Chapter 13 Trustee
Post Office Box 1907
Columbus, Georgia 31902

All parties on attached matrix

by depositing in the United States Mail, a copy of the same in a properly addressed envelope with adequate postage thereon to insure delivery unless service was perfected by electronic means.

I certify under the penalty of perjury that the foregoing is true and correct.

/s/ Brace W. Luquire
BRACE W. LUQUIRE
Georgia State Bar No. 461400
Attorney for Debtors
Post Office Box 2684
Columbus, Georgia  31902
(706) 322-8557
BraceLaw@aol.com

Bank of America, N.A
Attention: Bankruptcy Department
PO Box 31785
Tampa, FL 33631-3785

Barrett Daffin Frappier Levine &
Block, LLP
4004 Belt Line Rd Ste 100
Addison, TX 75001

Bridgecrest Credit Company, LLC
PO Box 29018
Phoenix, AZ 85038

Georgia Department of Revenue
Compliance Division
ARCS - Bankruptcy
1800 Century Blvd NE Ste 9100
Atlanta, GA 30345-3205

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346

Starport Transportation, Inc.
c/o Fife M. Whiteside, Esquire
PO Box 5383
Columbus, GA 31906

Title Credit Finance
c/o Legal Department
8601 Dunwoody Pl Ste 406
Atlanta, GA 30350

TitleMax of Georgia, Inc.
15 Bull St Ste 200
Savannah, GA 31401