IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| | : | |
| Edward D. Johnson dba DragonBoard Express and Baerbel P. Johnson, | : | CASE NO. 16-40946 |
| | : | |
| Debtors. | : | |
| | : | |
| | : | |
| Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not in its individual capacity but solely in its capacity as Owner Trustee of Matawin Ventures Trust Series 2017-2, | : | CONTESTED MATTER |
| | : | |
| Movant. | : | |
| | : | |
| vs. | : | |
| | : | |
| Edward D. Johnson and Baerbel P. Johnson; Kristin Hurst, Trustee, | : | |
| | : | |
| Respondents. | : | |

## NOTICE OF HEARING

MOVANT HAS FILED DOCUMENTS WITH THE COURT TO OBTAIN RELIEF FROM THE AUTOMATIC STAY

**YOUR RIGHTS MAY BE AFFECTED. You should read these documents carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. If not served with this notice in accordance with the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure, a copy of the motion may be obtained upon written request to counsel for the Movant (identified below) or at the Clerk's office.**

If you do not want the court to grant relief from the automatic stay or if you want the court to consider your views on the motion, then you or your attorney shall attend the hearing scheduled to be held on

**February 25, 2019 at 2:00 p.m. at the Columbus Courthouse, One Arsenal Place, 901 Front Avenue, Columbus, Georgia 31902.**

**If you or your attorney does not take these steps, the court may decide that you do not oppose the relief sought in the motion and may enter an order granting relief.**

This notice is sent by the undersigned pursuant to LBR 9004-1(c) and LBR 9007-1.

    Dated this February 1, 2019

    /s/ Emmett L. Goodman, Jr.
Emmett L. Goodman, Jr.
State Bar No.: 301000
Emmett L. Goodman, Jr. LLC
544 Mulberry St., Suite #800
Macon, GA 31201
Direct Phone   (478) 745-5415
bkydept@goodmanlaw.org
Retained Counsel for Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not in its individual capacity but solely in its capacity as Owner Trustee of Matawin Ventures Trust Series 2017-2

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| In re<br><br>Edward D. Johnson dba DragonBoard Express and Baerbel P. Johnson,<br><br>    Debtors. | BANKRUPTCY CASE NO. 16-40946<br><br>CHAPTER 13<br><br>CONTESTED MATTER |
| Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not in its individual capacity but solely in its capacity as Owner Trustee of Matawin Ventures Trust Series 2017-2, its assignees and/or successors in interest,<br><br>    Movant,<br><br>    and<br><br>Edward D. Johnson and<br>Baerbel P. Johnson;<br>Kristin Hurst, Trustee,<br><br>    Respondents. | JUDGE: JOHN T. LANEY III |

**MOTION FOR RELIEF FROM STAY AND
WAIVER OF 30 DAY REQUIREMENT OF §362(e)
AND ABANDONMENT OF TRUSTEE'S INTEREST**

    Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not in its individual capacity but solely in its capacity as Owner Trustee of Matawin Ventures Trust Series 2017-2, its assignees and/or successors in interest ("Movant" herein) alleges as follows:

    1.    That on or about October 27, 2016, the above named Debtors filed their Chapter 13 Petition in Bankruptcy with this Court.

    2.    Movant is the current payee of promissory note dated July 18, 2007 in the principal amount of $111,000.00 ("Note" herein) secured by a senior security deed of same date

1

("Security Deed" herein) upon property generally described as **6112 Abbey Dr, Columbus, GA 31909-4365** and legally described as set forth in the attached security deed. (Copies are attached hereto as **Exhibit "A"** and made a part hereof, "Property" herein). Movant was assigned the beneficial interest in said Security Deed by an Assignment of Security Deed dated July 18, 2007.

3. To the best of Movant's knowledge, information and belief, the loan it services is first in priority. Movant has no knowledge, information or belief as to any other secured claims against the property.

4. Movant is informed and believes, and, based upon such information and belief, alleges that title to the subject Property is currently vested in the name of Debtors.

5. Movant will seek leave of Court to specify any further encumbrances against the subject Property at the time of trial/hearing.

6. As of February 18, 2019, the outstanding Obligations are:

| Unpaid Principal Balance | $89,433.44 |
|---|---|
| Unpaid, Accrued Interest | $2,473.17 |
| Corporate Advances | $1,772.72 |
| Escrow Advance Balance | $ 3,641.65 |
| <u>Less</u>: Partial Payments | ($545.77) |
| Minimum Outstanding Obligations | $96,775.21 |

7. In addition to the other amounts due to Movant reflected herein, as of the date hereof, in connection with seeking the relief requested in the Motion, Movant has also incurred $1,031.00 in legal fees and costs. Movant reserves all rights to seek an award or allowance of such fees and costs in accordance with applicable loan documents and related agreements, the Bankruptcy Code and otherwise applicable law.

8. The following chart refers only to the number and amount of outstanding post-petition payments due pursuant to the terms of the Note. Any payments that have been or may be received post-petition are applied to the next post-petition date:

2

| Number of Missed Payments | From | To | Monthly Payment Amount | Total Missed Payments |
|---|---|---|---|---|
| 12 | 3/1/18 | 2/1/19 | $633.90 | $7,966.80 |
| | | | | **Corporate Advances:** Property Inspections: $75.00 |
| Less partial post-petition payments: | | | | ($363.38) |
| | | | | **Total: $7,678.42** |

9. Movant has elected to initiate foreclosure proceedings on the Property with respect to the subject Security Deed; however, Movant is precluded from proceeding to publish the necessary notices and commence said foreclosure action during the pendency of this Bankruptcy.

10. This Movant is informed and believes, and based upon such information and belief, alleges that absent this Court's Order allowing this Movant to proceed with the pending foreclosure, Movant's security will be significantly jeopardized and/or destroyed.

11. Based upon the foregoing, Movant alleges that Debtors have failed to make consecutive post-petition installments with respect to said Property, that Movant is not adequately protected, that the subject Property is not necessary to effectuate Debtors' rehabilitation, and that it would be unfair and inequitable to delay this Movant in the foreclosure of Movant's interest. Movant urges that this Court issue an Order herein permitting this Movant to proceed to a Foreclosure Sale of the Property, including necessary action to obtain possession of the Property.

12. Kristin Hurst has been appointed by this Court as the Chapter 13 Trustee in this instant Bankruptcy proceeding. By virtue of her position as Trustee of the estate of Debtors herein, she administers Debtors' Chapter 13 Plan of Reorganization. To the extent the relief sought herein is granted, Kristin Hurst, Trustee, is bound by any such judgment.

13. This Court has jurisdiction of this action pursuant to the provisions of Title 28 U.S.C. Sections 1334 and 157 and 11 U.S.C. Section 362(d).

14. **In the event a hearing cannot be held within thirty (30) days from the date of**

**filing of the instant Motion, Movant, by and through its counsel, waives this requirement and agrees to the next earliest possible date, as evidenced by the signature below.**

WHEREFORE, Movant prays judgment as follows:

1.) For an Order granting relief from the Automatic Stay, permitting this Movant to move ahead with foreclosure proceedings under Movant's Security Deed, and to sell the subject Property under the terms of said Security Deed, including necessary action to obtain possession of the Property.

2.) For an Order binding Debtors in any conversion of the above-referenced Bankruptcy proceeding and in any subsequently filed bankruptcy proceeding of any nature whatsoever, relative to this Movant's interest in the subject Property, and prohibiting the effect of any further Automatic Stays against Movant herein..

3.) In the alternative, for an Order requiring:

   a) the Debtors to reinstate and maintain in a current condition all obligations due under all of the security deeds encumbering the subject Property, including Movant's Security Deed, and including tax/insurance obligations, and reimbursement to Movant of any sums advanced on behalf of Debtors in order to protect Movant's interest in the subject Property; and

   b) allowing this Movant to proceed with a Foreclosure Sale of the Property and obtain possession thereof, upon the failure of Debtors to maintain the above-referenced payments in a current status.

4.) For such Order regarding adequate protection of Movant's interest as this Court deems proper.

5.) For attorneys' fees and costs of suit incurred herein.

6.) For an Order waiving the 14-day stay described by Bankruptcy Rule 4001(a)(3).

7.) For an Order that, in addition to foreclosure, permits activity necessary to obtain possession of said collateral; therefore, all communications sent by Movant in connection with

4

proceeding against the property including, but not limited to, notices required by state law and communications to offer and provide information with regard to a potential Forbearance Agreement, Loan Modification, Refinance Agreement, Loss Mitigation Agreement, or other Loan Workout, may be sent directly to Debtors.

    8.)    For such other relief as this Court deems appropriate.

Dated: February 1, 2019        /s/ Emmett L. Goodman, Jr.
                                        Emmett L. Goodman, Jr., Bar No. 301000
                                        Attorney for Movant
                                        Emmett L. Goodman, Jr. LLC
                                        544 Mulberry St., Suite #800
                                        Macon, GA 31201
                                        Direct Phone   (478) 745-5415
                                        bkydept@goodmanlaw.org
                                        K.052-869

Bankruptcy No. 16-40946

Chapter 13

Judge John T. Laney III

CERTIFICATE OF SERVICE

I Emmett L. Goodman, Jr., of Emmett L. Goodman, Jr. LLC, 544 Mulberry St., Suite #800, Macon, GA 31201do hereby certify:

That on the 1st day of February 2019, I served a copy of the within NOTICE OF MOTION filed in this bankruptcy matter on: February 1, 2019

the said respondent(s) at:

Edward D. Johnson
Baerbel P. Johnson
6112 Abbey Dr
Columbus, GA 31909-4365
Debtor

Kristin Hurst
Office of the Chapter 13 Trustee
P.O. Box 1907
Columbus, GA 31909

Brace W. Luquire
821 Third Avenue
Columbus, GA 31901

I CERTIFY UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed on February 1, 2019                     By:/s/ Emmett L. Goodman, Jr.
    (date)                                                                 (signature)